UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELDWAINE WILLIAMS**,                                        Case No. 1:14 CV 185

           Plaintiff,                                        Magistrate Judge James R. Knepp, II

      v.                                                                   MEMORANDUM  OPINION  AND
ORDER

**COMMISSIONER OF SOCIAL SECURITY**,

           Defendant.

## INTRODUCTION

Counsel for Plaintiff, Marcia Margolius, filed this action for approval of payment of her attorney's fees, in the amount of $5,670, pursuant to 42 U.S.C. § 406(b)(1). (Doc. 23). Defendant filed a response stating the Commissioner would not file objections to Plaintiff's Motion. (Doc. 24). For the reasons discussed below, the Court grants Plaintiff's Motion.

## DISCUSSION

Under 42 U.S.C. § 406(b)(1), the Court may allow payment of a reasonable attorney fee, not to exceed 25% of the total past-due benefits to which the Plaintiff is entitled. Plaintiff signed a contract with counsel which entitled her to 25% of the past-due benefits. (Doc. 23, Ex. B). The Court will only deduct from these agreements where there are showings of incompetence or where counsel will enjoy a windfall. *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). A windfall occurs when either there is an inordinately large benefit award, or counsel has expended minimal effort. *Id.*

The Sixth Circuit has found that an attorney's fee is *per se* reasonable when it is less than twice the standard rate. *Hayes v. Sec'y of Health and Human Servs*., 923 F.2d 418, 422 (6th Cir. 1990). Thus, the Court must divide the number of hours worked into the amount permitted under the contingent contract to determine if the fee is reasonable. *Id.* Here, counsel worked 16.2 hours and 25% of the award is $5,670; making the hourly rate $350. (Doc. 23, Ex. C). An hourly fee of $350 has been found to be reasonable and not excessive. *See, e.g., Koporwski v. Comm'r of Soc. Sec*., 2013 WL 29804, (N.D. Ohio); *Brown v. Comm'r of Soc. Sec.,* 2012 WL 6682112 (N.D. Ohio); *Godfrey v. Astrue*, 2012 WL 3715883 (N.D. Ohio).

### CONCLUSION

For the reasons stated above, the Court grants Plaintiff's Motion for Attorney Fees in the amount of $5,670, representing 25% of the past-due benefits awarded to Plaintiff. Further, Counsel is ordered to return to Plaintiff the $3,383.93 previously awarded her under the Equal Access to Justice Act to avoid a double recovery. (*See* Doc. 22).

IT IS SO ORDERED.

                                     s/James R. Knepp, II
                                 United States Magistrate Judge